STONER v. FARBER.

No. 35204.    Oct. 21, 1952.

Rehearing Denied Jan. 6, 1953.

251 P. 2d 1039.

· Owen F. Renegar, Oklahoma City, for plaintiff in error.

Carmon C. Harris, Oklahoma City, for defendant in error.

JOHNSON, J.   This action was commenced by J. G. Farber to recover damages for breach of contract. It was brought against Elbert S. Stoner et al. and judgment was for the plaintiff. Elbert S. Stoner alone appeals, and since he and the plaintiff are the only parties interested in the outcome of this action, they will be referred to as plaintiff and defendant.

The evidence discloses that on the 23rd day of June, 1949, the defendant and his wife executed an assignment of an oil and gas lease to J. G. Farber and H. C. Eisenhour covering 60 acres of land in Jefferson county, Oklahoma. The assignees remained in possession of the lease until it was transferred on April 7, 1950, to L. E. McGuire and Lane Poe. On February 15, 1950, plaintiff and defendant entered into a written contract by the terms of which the defendant was to commence an action in the district court of Jefferson county to cancel said lease. It was agreed in this contract that the plaintiff would not defend and that in consideration thereof he was to receive a one-half interest in the lease. The action was filed February 16, 1950, and on March 6, 1950, plaintiff filed his answer and disclaimer. Defendant dismissed this action without prejudice. As stated above, on April 7, 1950, the entire lease was sold to McGuire and Poe.

This action is to obtain damages for the loss of the one-half interest by reason of the sale of the premises to McGuire and Poe.

At the conclusion of the trial, the trial court instructed the jury that there was no defense to the contract and that the sole issue presented to them was the element of damages to the plaintiff.

It is first argued that the trial court erred in so holding. We do not agree. The sole allegation of fraud in the procurement of the contract is that plaintiff willfully concealed from defendant that the contract provided, among other things, for one-half of the personal property on the lease. The evidence wholly fails to sustain the allegations of fraud. It is difficult to determine whether the defendant relied on fraud in the procurement of the contract or upon a rescission thereof. The evidence wholly fails to support any allegation that would justify submitting the question of fraud to the jury.

It is next argued that the evidence does not sustain the amount of damages. We cannot agree with this contention. The trial court instructed the

jury that the measure of damages should be the value of the one-half interest in the lease. Qualified witnesses testified that the interest owned by defendant and transferred to Farber and Eisenhour was worth in excess of $14,000. The verdict for $7,000 is amply supported by the evidence.

It is next argued that the evidence discloses that plaintiff and Eisenhour had abandoned the lease. Many cases are cited in support of this proposition. They all deal with an action to cancel a lease and the evidence sufficient to support the finding of abandonment. This action is based upon a breach of the contract of February 15, 1950, and the evidence discloses that this contract is supported by a valid consideration. The cases cited upon the question of abandonment are not in point.

Finally, in the reply brief it is stated that the contract is void as against public policy in that said contract provides for a person to violate a breach of duty which he owes to another. Defendant does not enlarge upon this statement except to quote from a citation. It is sufficient to state that neither the pleadings nor the evidence presented this issue at the trial. It cannot be raised for the first time in the Supreme Court.

Judgment affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, O'NEAL, and BINGAMAN, JJ., concur.